UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASHELEY E. BAGGETT, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 3:22-cv-00889 |
| INNOVATIVE RECOVERY, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** ASHELEY E. BAGGETT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, INNOVATIVE RECOVERY, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial circuit.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. §1692a(3).

1

5. Defendant is a collection agency located at 5310 Harvest Hill Road, Dallas, Texas 75230.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. Prior to the events giving rise to this action, Plaintiff resided at Enclave at North Point, an apartment complex, located in Winston-Salem, North Carolina ("Enclave").

9. Specifically, Plaintiff's lease was quickly approaching its expiration date and Plaintiff informed Enclave that she would not be renewing a lease and planned to vacate the apartment in August 2018.

10. Moreover, Plaintiff provided Enclave no less than four written notices in the months of March, May, June and July of 2018 that she would be vacating the apartment.

11. In addition, each written notice that Plaintiff supplied to Enclave was signed by its employees agreeing to Plaintiff's plan to vacate the apartment.

12. After Plaintiff vacated the apartment in August 2018 as agreed, Enclave contacted Plaintiff to inform her that the security deposit would not be refunded and that she owed a past due balance of $750 for failing to provide proper notice of a vacate date ("subject debt").

13. Plaintiff disputed the subject debt with Enclave and provided them proof of the signed written notice of her intent to vacate the apartment complex.

14. Despite Plaintiff's disputes, the alleged subject debt fell into alleged default and Defendant obtained the rights to collect the subject debt.

15. On October 3, 2018, Plaintiff received a dunning notice from Defendant attempting to collect the alleged subject debt.

16. On or around April 2019 and 2021, Plaintiff received two more additional dunning notices attempting to collect the alleged subject debt.

17. Concerned by Defendant's attempts to collect a debt not owed, Plaintiff responded to Defendant's letters disputing the alleged subject debt as she did not owe any balances due to providing proper notices to vacate.

18. In or around May 2019, Defendant responded to Plaintiff's disputes and listed the subject debt as valid despite the Plaintiff's proof indicating the debt was incorrect. At no time did Defendant notate that Plaintiff disputed the subject debt on any of her credit reports.

19. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the debt, even though she did not owe the subject debt.

20. As time passed, Plaintiff was rarely contacted by Defendant until April 2022 when Plaintiff saw Defendant reflecting the subject debt negatively on her credit report.

21. In addition, Plaintiff also believes Defendant is placing collection calls to her telephone attempting to collect the alleged subject debt.

22. Defendant's inaccurate reporting and lack of urgency to rectify the problem on Plaintiff's credit report has cause the Plaintiff much distress and damages her good reputation as a consumer.

23. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

24. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

### COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses credit reporting, mail and/or the telephones to collect delinquent consumer accounts.

29. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

30. Defendant used the mail to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant violated 15 U.S.C. §§1692e, e(2), e(8), e(10) and f through its unlawful collection practices.

**a. Violations of FDCPA §1692e**

32. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged debt. The alleged debt was not owed at the time Defendant demanded payment from Plaintiff as the alleged debt was not accrued by Plaintiff.

33. Furthermore, Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt as Defendant sought to collect a debt that Plaintiff was not legally obligated to pay. Plaintiff provided Enclave ample notices of her intentions to vacate the apartment in August 2018 and is not responsible to any fees allegedly owed to Enclave.

34. Defendant violated §1692e(8) by reporting the alleged subject debt to Plaintiff's credit report despite knowing that information to be false and inaccurate. Defendant also failed to notate on any of her credit files that the subject debt was disputed.

35. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure additional payments of the subject debt, Defendant willingly ignored Plaintiff's disputes and proof indicating a debt not owed in order to increase its profits and additional funds from Plaintiff.

36. Specifically, Plaintiff had no legal obligation to pay the subject debt because she did provide proper notice to Enclave regarding her intentions to vacate the apartment.

37. Defendant knew the information it was relaying to Plaintiff was false and misleading, but did so in hopes that the unsophisticated consumer would avoid jumping through additional hoops-and-ladders, submit, and pay subject debt.

    **b. Violation of FDCPA §1692f**

38. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt. The alleged debt was not owed at the time Defendant demanded payment, but Defendant sent subject account to the bureaus anyway in hopes that Plaintiff would make a payment.

39. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

40. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

41. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff ASHELEY E. BAGGETT requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 20, 2022                                   Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com